GEORGE H. PLACE & others *vs.* EDWIN SAWTELL.

Plymouth.   October 19.—21, 1886.   DEVENS & W. ALLEN, JJ., absent.

The heirs at law of a mortgagor of land cannot maintain trover against an assignee of the mortgage, in possession for breach of condition, before foreclosure, for cutting and carrying away trees growing on the land.

TORT, in two counts.   The first count was for breaking and entering the plaintiffs' close in Brockton, and cutting down and carrying away certain trees.   The second count was for the conversion of the trees.   Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows:

The plaintiffs claimed title to the locus described in the first count, as heirs at law of Darius Place, under a deed from Nathaniel Ames to said Place, which was duly recorded.   There was evidence tending to show that Place made and delivered to one Thomas Wales a mortgage of the locus, dated November 18, 1858, which was duly recorded; that there was a breach of the condition of said mortgage, and that Wales, in consequence of a letter from the mortgagor to him, stating that he wanted to give up the land as he could not pay for it, entered upon and took possession of the locus, under said mortgage, and continued in possession until his death, July 7, 1865; that the defendant purchased said mortgage, and had an assignment thereof from the administrator of the estate of Wales, dated September 27, 1884, which was duly recorded, and was in possession of the locus, under said mortgage, for breach of condition; that no certificate of such entry or possession was ever made or recorded; that, while the defendant was so in possession of the locus, he cut and carried away wood standing and growing thereon; and that, for such cutting and carrying away of wood, the plaintiffs sought to recover in this action.

The judge ordered a verdict for the defendant on the first count.

The defendant requested the judge to rule that the defendant, being in possession of the locus under the mortgage assigned to him, had the right to cut and carry away wood standing and

growing thereon; and that the plaintiffs could not maintain this action against him therefor. The judge refused to rule as requested, and instructed the jury that the defendant had no right to cut and carry away wood, to the injury of the land; and that, if the defendant, by the cutting and carrying away of wood standing and growing thereon, had done more than good husbandry required, and had injured the property and despoiled the land so that it could not be restored, the plaintiffs could recover, under the second count, the damage so sustained by them.

The jury returned a verdict for the plaintiffs for $75, on the second count; and the defendant alleged exceptions.

*H. Kingman*, for the defendant.

*E. Robinson*, for the plaintiffs.

BY THE COURT. It was held in *Butler* v. *Page*, 7 Met. 40, that, where a mortgagee in possession sold buildings standing upon the mortgaged premises to a purchaser, who removed them, the administrator of the mortgagor could not maintain trover against such purchaser to recover the value of the buildings or the materials. The decision is put upon the ground that, at the time of the mortgagor's decease, the fee of the mortgaged premises, as between him and his mortgagees, was in the latter, and the removal of these buildings vested no property in the materials in the representative of the mortgagor, and therefore an action of trover could not be maintained. This case is decisive of the case at bar.

The ruling of the Superior Court, that the plaintiffs could maintain their second count, was therefore erroneous.

*Exceptions sustained.*