ices on the appeal to this court at from $1,500 to $2,000, and on the appeal to the Court of Appeals at from $2,000 to $2,500. Under all the circumstances, we think the larger of these estimates should be adopted, especially as Miss Smedley would not have realized anything but for the skill and. industry exhibited by the petitioner. The result is that the petitioner's compensation for services in the principal case will be reduced to and fixed at $9,500. The only other item of petitioner's charges which is questioned on this appeal is the payment of the sum of $500 to an office associate to testify as an expert witness to the value of the services of a lawyer who sued Miss Smedley for work done in the probate proceeding. The retainer of this expert was authorized by Miss Smedley, but she was not consulted as to the compensation to be paid him. The fee paid him is obviously much too high, and is reduced to $150, which sum is allowed to the petitioner on that item.

The final order appealed from will be modified in accordance with the views expressed in this opinion, and, as modified, will be affirmed, without costs to either party in this court. Order to be settled on notice, and at the same time any necessary modification of the findings may be submitted. All concur.

---

METROPOLITAN TRUST CO. OF CITY OF NEW YORK v. STATE BOARD OF TAX COM'RS et al.

(Supreme Court, Appellate Division, First Department. May 5, 1916.)

TAXATION ⬅75—SUPPLEMENTAL MORTGAGES—STATUTE.

Under Tax Law (Consol. Laws, c. 60) § 255, permitting recordation of supplemental mortgages without payment of tax, and providing for a statement under oath of the facts on which the claim for exemption is based, where, after recordation of an original mortgage and payment of tax thereon, a second instrument, expressly reciting that it was a supplemental mortgage, which made no change in the original mortgage, except by provisions merely further subordinating the security, was recorded without any claim for exemption being filed, and thereafter the county clerk demanded payment of the mortgage tax, which was paid under protest by the mortgagee, such mortgagee could recover back such tax; the mortgagee and mortgagor being entitled to file the statement on which they based the claim for exemption when the payment for the tax was exacted.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 275; Dec. Dig. ⬅75.]

Action by the Metropolitan Trust Company of the City of New York, as trustee, etc., against the State Board of Tax Commissioners of the State of New York and others. Submission of controversy on an agreed statement of facts. Judgment for plaintiff.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

Edwin D. Bechtel, of New York City, for plaintiff.
Franklin Kennedy, Deputy Atty. Gen., for defendants.

LAUGHLIN, J. On the 10th day of April, 1909, a mortgage executed by the Island Cities Real Estate Company to the Metropolitan

Trust Company, as trustee, on real estate in Queens county to secure an issue of bonds of the par value of $750,000, was duly recorded in the office of the clerk of that county and the mortgage tax of one-half of 1 per centum, aggregating $3,750, imposed by section 253 of the Tax Law, was paid thereon.   The question presented for decision by the submission is whether an instrument, therein recited to be an agreement or mortgage supplemental to said mortgage, executed by the mortgagor to the mortgagee under date of May 12, 1910, and recorded in the same office on the 10th day of June, 1910, was subject to a further mortgage tax.

The county clerk accepted said instrument for record, and recorded it without requiring payment of any tax; but on the 11th day of May, 1914, when the mortgagee was about to institute a foreclosure action under the mortgage and under said instrument subsequently recorded, the county clerk wrote it, demanding the payment of a tax on the recording of said instrument on which no tax was paid, and assigned as the ground therefor that, although the instrument was a supplemental mortgage, and for that reason was allowed to be recorded without the payment of a mortgage recording tax, no statement of the grounds upon which exemption from taxation was claimed was filed as required by the provisions of section 255 of the Tax Law, and that he had been directed by the state board of tax commissioners to collect the tax, together with interest thereon at the rate of 1 per centum per month from the 23d day of May, 1913, pursuant to the provisions of section 258 of the Tax Law, as amended; and, doubtless with a view to expediting payment, he drew attention to the fact that until the payment of such tax the instrument would not be entitled to be released or discharged of record, or to be received in evidence, and that no assignment or agreement affecting it would be entitled to be recorded, and that no final order or judgment could be made for the enforcement or foreclosure thereof.   The tax was paid on the 7th day of August, 1914, and the payment thereof was accompanied by a formal protest in writing, executed by the mortgagor and mortgagee, in which it was claimed that the instrument was a supplemental or additional mortgage, but that it did not create or secure a new or further indebtedness or obligation, other than the principal indebtedness secured by the original mortgage; and at the same time a formal verified statement of the facts upon which the claim of exemption from the mortgage tax was based was filed with the county clerk, and the right to file the same nunc pro tunc as of the time of recording the instrument was therein asserted, and, according to the submission, the same was filed nunc pro tunc as of said date.

The controversy between the parties which is the subject of the submission is with respect to whether the plaintiff is entitled to recover the amount thus paid pursuant to the demand of the county clerk.   It is not claimed that the payment was voluntarily made.   The only grounds upon which repayment is opposed are that no statement of the facts upon which exemption was claimed was filed at the time the instrument was recorded, and that in any event it was not entitled to exemption as a supplemental mortgage.   Section 255 of the Tax Law,

upon the construction of which the controversy depends, provides as follows:

"Sec. 255. *Supplemental Mortgages.*—If subsequent to the recording of a mortgage on which all taxes, if any, accrued under this article have been paid, a supplemental instrument or mortgage is recorded for the purpose of correcting or perfecting any recorded mortgage, or pursuant to some provision or covenant therein, or an additional mortgage is recorded imposing the lien thereof upon property not originally covered by or not described in such recorded primary mortgage for the purpose of securing the principal indebtedness which is or under any contingency may be secured by such recorded primary mortgage, such additional instrument or mortgage shall not be subject to taxation under this article, unless it creates or secures a new or further indebtedness or obligation other than the principal indebtedness or obligation secured by or which under any contingency may be secured by the recorded primary mortgage, in which case, a tax is imposed as provided by section two hundred and fifty-three of this chapter on such new or further indebtedness or obligation, and shall be paid to the proper recording officer at the time such instrument or additional mortgage is recorded. If at the time of recording such instrument, or additional mortgage, any exemption is claimed under this section, there shall be filed with the recording officer and preserved in his office a statement under oath of the facts on which such claim for exemption is based. The determination of the recording officer upon the question of exemption shall be reviewable by the state board of tax commissioners."

The submission does not show what transpired at the time of the recording of this instrument. The only evidence with respect thereto is the letter of the county clerk demanding the payment of the tax, the substance of which has been stated. I am of opinion that the contention of the learned counsel for the plaintiff that the provisions of section 255 of the Tax Law with respect to filing a statement under oath of the facts upon which exemption is claimed is, in a case, at least, where the exemption is allowed by the recording officer, directory. It may be that, if the recording officer ruled that the instrument was subject to a mortgage tax, the filing of such a statement at the time would be a condition precedent to the right to a review of such ruling by the state board of tax commissioners; but that question is not presented for decision by this submission. We have here a case where the exemption was allowed. In such case, I think, the parties were entitled to file the statement upon which they based the claim for exemption when the payment of the tax was exacted.

The contention that the instrument is not a supplemental mortgage is technical, and without merit. It was expressly recited therein that it was a "Supplemental Agreement, Mortgage, or Deed of Trust," and that it was a "Supplemental Mortgage or Deed of Trust." It contained preambles referring to the original mortgage, and showing that the bonds secured thereby had been issued, and that the mortgagor was desirous of procuring a modification of the terms of the mortgage to give it additional rights, privileges, and powers therein set forth, which are in substance to renew and extend prior mortgages on the premises, and to substitute new mortgages therefor, and to renew and extend them, or to substitute others for them, and to execute other mortgages, the lien of which should be prior or superior to that of the mortgage to the Metropolitan Trust Company, or to any mortgage given to it pursuant thereto for improvements to be made on the premises with like privilege to any grantee of the mortgagor.

The contention of the learned deputy Attorney General is that the instrument is not a supplemental mortgage within the purview of section 255 of the Tax Law, for the reason that it was not executed for the purpose of correcting or perfecting the original mortgage, or pursuant to any provision thereof. If the provisions of the statute are to be construed strictly, it is doubtful whether the instrument answers the description of a supplemental mortgage as therein given; but it is manifest that the instrument is a supplemental mortgage within the spirit of the statute. By it no change is made in the provisions of the mortgage with respect to the amount of the indebtedness, or the security therefor, excepting by the provisions to which reference has been made, which merely further subordinate the security of the mortgage. It is quite plain that it constitutes an agreement supplemental to the original mortgage, and was so intended, for it confers upon the mortgagor rights as against the interest of the mortgagee which it did not have or reserve under the original mortgage. In it are incorporated all of the provisions of the original mortgage, and therefore it is a mortgage in form; but, since there was no intention to change those provisions, that was wholly unnecessary, and the parties might have accomplished the sole purpose intended by executing a subordination agreement by which these further rights and privileges would have been conferred upon the mortgagor, and, if they had done so, no mortgage tax could have been imposed on the recording of such an agreement. I am of opinion, therefore, that the instrument may be deemed, as it is claimed to be, a supplemental mortgage, as defined in section 255 of the Tax Law, and therefore not subject to the tax, and that it may be construed as a subordination agreement merely, which in no view would be subject to the imposition of a mortgage recording tax.

It follows, therefore, that the plaintiff should have judgment, but since costs are not stipulated, and the action is against public officials, without costs. Settle order on notice. All concur.