JOSEPH WOLF, Respondent, v. THE STATE OF NEW YORK, Appellant.

Third Department, January 5, 1927.

State — limitation of actions — action to recover volume and excess taxes on liquor paid under former Liquor Tax Law, §§ 8 and 9-a — enabling act (Laws of 1923, chap. 841) waived lapse of time prior to enactment of statute and not as to future — claim was barred by Court of Claims Act, § 15.

A claim for repayment of excess and volume taxes, paid under sections 8 and 9-a of the former Liquor Tax Law, which were subsequently held to be unconstitutional, was barred by section 15 of the Court of Claims Act, since neither a written claim nor a written notice of an intention to file a claim was filed within the time specified therein.

The enabling act, chapter 841 of the Laws of 1923, which waived the lapse of time, merely waived the time that had elapsed between the date of payment and the day the enabling act became effective and did not purport to waive the lapse of time thereafter so as to abrogate section 15 of the Court of Claims Act.

HINMAN and DAVIS, JJ., dissent.

APPEAL by the defendant, The State of New York, from a judgment of the Court of Claims in favor of the claimant, entered in the office of the clerk of said court on the 20th day of May, 1926.

*Albert Ottinger, Attorney-General [James Gibson, Second Deputy Attorney-General, of counsel], for the appellant.*

*Dorff & Levy, for the respondent.*

McCANN, J. The claimant brought this action for refund from the State of New York of the amounts paid by him for excise and volume taxes pursuant to the provisions of sections 8 and 9-a of the former Liquor Tax Law, as respectively inserted and added by chapter 911 of the Laws of 1920. This law, known as the Walker-Walters Act, provided for the payment of such taxes, but after the decision of the United States Supreme Court upholding the National Prohibition Act it was determined that sections 8 and 9-a of the Walker-Walters Act were unconstitutional in so far as they provided for the collection of excise and volume taxes upon sales of liquor, as being in violation of the provisions of the Eighteenth Amendment to the Federal Constitution and the National Prohibition Act.

By chapter 841 of the Laws of 1923 the Legislature then provided for a return of the taxes so paid as follows:

" Section 1. Jurisdiction is hereby conferred upon the Court of Claims to hear, audit and determine the claims of all persons

and corporations who paid excise taxes and the claims of those who paid volume taxes pursuant to the provisions of sections eight and nine-a of the former Liquor Tax Law, as added by chapter nine hundred and eleven of the Laws of 1920, against the State of New York for the refund of the excise taxes and volume taxes so paid by them respectively to the State Commissioner of Excise, and to make an award and render judgment therefor against the State of New York and in favor of said persons and corporations.

" § 2. The Court of Claims shall award to and render judgment for any claimants whose claims hereunder are satisfactorily established, *notwithstanding the lapse of time since the date of payment of any such license fee or tax and the fact that any* such payment was not made under protest; provided, however, that nothing in this act shall be deemed or construed to have acknowledged or created any liability on the part of the State or as debarring the State from any legal or equitable defense which it would otherwise have against the alleged claims *except the lapse of time since the date of each such payment and except the fact that any such payment* was not made under protest."

It is under this latter chapter that the claimant has presented his claim for recovery of taxes paid by him. The Court of Claims has allowed the recovery and granted judgment to the claimant for the same with interest.

The appeal by the State does not dispute the merits of the case but is based solely on the ground that the claimant did not file his claim within the limitation of time imposed by section 15 of the Court of Claims Act (added by Laws of 1920, chap. 922, as amd. by Laws of 1921, chap. 474), which section reads as follows:

" § 15. Notice of claim. No claim other than for the appropriation of land shall be maintained against the State unless the claimant shall within six months after such claim shall have accrued, file in the office of the clerk of the Court of Claims and with the Attorney-General either a written claim or a written notice of intention to file a claim against the State, stating the time when, and the place where such claim arose and in detail the nature of the same, and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths."

The only point here at issue is the construction of the language in section 2 of the enabling statute of 1923, which waives the lapse of time since the date of payment of the tax. It is the contention of the State that the words " notwithstanding the lapse of time since the date of payment of any such license fee or tax " forgive merely the lapse of time up to the date when this enabling statute

became a law, May 28, 1923. Respondent's position is that all limitations of time are waived by this section.

It is undoubtedly true, as claimed by the respondent, that a special act supersedes a prior general act in so far as it is inconsistent therewith. However, we can see no such inconsistency here. The taxes had been paid under the Walker-Walters Act in 1920 and the enabling act for their recovery in 1923 would have been useless without any provision waiving the lapse of time to that date, as the claims would already have been barred by section 15 of the Court of Claims Act. It was obviously the intention of the Legislature to overcome this by inserting the words last quoted. There is no suggestion in the statute that it was intended to waive all limitations of time whatsoever, in which case claimant might have waited ninety-nine years seeking his refund. The grant of a right to sue the State must always be strictly construed, and in a case like this it is unthinkable that the Legislature meant to wipe out all limitations. The " lapse of time " can only refer to the period between payment of the tax and the passage of the enabling act. No notice of intention was ever filed by the claimant and his claim was not filed until January 9, 1926, being thereby barred by the provisions of section 15 of the Court of Claims Act.

The granting of jurisdiction to the Court of Claims to hear, audit and determine claims was an authority to an established court to assume jurisdiction in certain cases. It did not, however, relieve the claimant from the duty to comply with the rules of the court in seeking relief therein. The requirements of the court were fixed before the passage of the enabling act and the relief granted was subject to full compliance by the claimant who desired to avail himself of such relief. This compliance consisted in part of filing a claim within a specified time. This was not done. The special statute of limitations created by the enabling act has run against the claim.

The judgment should be reversed on the law and the claim dismissed, with costs.

COCHRANE, P. J., and VAN KIRK, J., concur; HINMAN and DAVIS, JJ., dissent on the ground that the statute being remedial should be liberally construed.

Judgment reversed on the law and claim dismissed, with costs.