G. GOLDBERG & SONS, INC., Plaintiff, *v.* GILET BUILDING CORPORATION, Defendant.

Supreme Court, New York County, November 12, 1929.

*Milton Elias Schattman*, for the plaintiff.

*Hyman Grill*, for the defendant.

HAMMER, J. This is an action in replevin. It was tried at Trial Term by the court without a jury. The parties waived a jury and the making of findings and conclusions and consented that the court direct a verdict and judgment on the merits. The facts were agreed upon by written stipulation marked in evidence. (Plaintiff's Exhibit 1.) Plaintiff claims that " by stipulation this case has been removed from its common law aspects as a replevin suit and has been converted into an equity case in which the court is asked to amend all pleadings as required and render judgment without technicalities and upon the merits as they exist at the time of the decision of the Court." No such stipulation is contained in plaintiff's Exhibit 1 or elsewhere in the record. The complaint is clearly in replevin and alleges a wrongful detention of certain chattels set forth in the schedule attached to the complaint after due demand for possession by plaintiff of defendant. It was alleged in the complaint and agreed in the stipulation that the chattels had been sold by plaintiff, the then lawful owner, to the owner of the real estate upon which defendant held a purchase-money mortgage. The stipulation (Plaintiff's Exhibit 1 in paragraph 14) reads: " Should the plaintiff recover a final judgment on the merits in the above action, the defendant will pay said judgment to the extent of $1351.72 and interest thereon from September 1, 1928,

together with costs of the action, and upon payment plaintiff will deliver to defendant a satisfaction of the conditional bill of sale filed by it and referred to herein as Exhibit A." This part of the agreement of stipulation can only have reference to the requirement that where the verdict, report or decision in the action awards to the plaintiff a chattel which is not in his possession and has not been replevied, as in this case, it must also fix the value of the chattel at the time of trial. (Civ. Prac. Act, § 1120.) No motion was made by plaintiff to amend its complaint from replevin, an action at law, properly before the court at Trial Term, to an action in equity for a declaratory judgment, triable at Special Term. Plaintiff, through counsel, attempted to state a stipulation to some such effect upon the record; but defendant's counsel disagreed, and the record shows that defendant did not agree, and, accordingly, there was no stipulation but merely an assertion by plaintiff. If such a motion had been made and not denied, the plaintiff would have been sent for the relief sought to Special Term for motions. Were the motion there granted, a new issue would be presented, defendant of right could have served a new answer and ultimately the case would arrive at and be tried upon the equity side of the court. (*Branower & Son, Inc., v. Waldes,* 173 App. Div. 676; *Kelly* v. *Hilbert,* 200 id. 489, 491.) Replevin, however, is the action pleaded and tried. It or conversion is also the appropriate action, the claim being unlawful detention of personal property after demand and damages therefor. Replevin under the facts here is also a more precise remedy than a declaratory judgment. It is a complete remedy. When final judgment is entered, all the rights between the parties will have been determined. There will be no future relations between them as to which any judgment upon the facts here can or could be a guide. Assuming, although it does not appear of record, that such a motion were made, it would have been denied as futile, for the reason that if the action were in form for a declaratory judgment the court, in its discretion, would decline, for the reasons stated, to pronounce a declaratory judgment, and the plaintiff would then again be left to seek relief in an action for replevin or conversion. (Civ. Prac. Act, § 473; Rules Civ. Prac. rule 212; *Russian Comm. & Ind. Bank* v. *British Bank,* 90 L. J. [K. B.] [N. S.] 1089, and cases cited; *Northeastern Marine Eng. Co.* v. *Leeds Forge Co.,* L. R. [1906] 2 Ch. 498; *Mutrie* v. *Alexander* 23 Ont. L. R. 396; *Williams* v. *Jackson,* 11 Br. Col. 133; *Loesch* v. *Manhattan Life Ins. Co.,* 128 Misc. 232; affd., 220 App. Div. 828.)

The stipulation of facts (Plaintiff's Exhibit 1) shows that on January 6, 1928, defendant sold Viewrie Building Corporation, herein called the builder, a certain plot of real property and took

back as part payment a purchase-money bond and mortgage for $50,000, which latter was duly recorded. The builder thereafter proceeded to erect an apartment house. On March 30, 1928, the builder entered into a building loan agreement with the New York Title and Mortgage Company, and the defendant, by an agreement in writing, subordinated its mortgage to advances to be made thereunder amounting to $290,000 and to the bond and mortgage upon the same premises in that amount made by the builder to the title company. Said instruments were respectively duly filed and recorded on or about that date. The building loan agreement (Defendant's Exhibit A) contained a clause: That the mortgage debt shall become due and payable at the option of the lender or the holder of said mortgage " if any materials, fixtures or articles used in the construction of the building or appurtenant thereto be not purchased by the owner of the land, so that ownership thereof will vest in said owner free from incumbrances on delivery on the premises. The eighth advance, amounting to $30,000, was to be and, in fact, was made when, among other requirements, " all hardware (was) installed."

Defendant's mortgage contained an agreement that it would be subordinated to the title company's building loan agreement and mortgage, provided the mortgagor, within thirty days from date, commenced the erection of a six-story apartment house and continuously proceeded therewith. Under its provisions also the builder mortgaged to the mortgagee " all fixtures and articles of personal property now or hereafter attached to, or used in connection with the premises, all of which are covered by this mortgage." After the making of said mortgage of defendant the title company's building loan agreement and bond and mortgage and defendant's subordination agreement, and on May 3, 1928, the builder and plaintiff entered into the conditional sales agreement under which plaintiff was to supply to the. building the hardware (described in Schedule A of the complaint). This agreement was not put on file as required by statute until September, 1928. In the meantime, before such filing all the building loan advances, including the eighth above referred to, had been made to the builder by the title company. The last advance of $25,000 was made on August 16, 1928. At that time all of the chattels in question had been delivered by plaintiff and affixed by the builder to the realty and neither the title company nor the defendant had knowledge or notice of plaintiff's conditional sales agreement.

Later, by reason of default of the builder, defendant by action foreclosed its mortgage and upon the sale, pursuant to the judgment

therein of January 2, 1929, the defendant purchased the property covered by the mortgage which was " sold subject to the alleged claim of plaintiff by virtue of the alleged conditional bill of sale filed by plaintiff, Exhibit A." (See Plaintiff's Exhibit 1, ¶ 7). These facts clearly bring this case within the decision of the court in *McCloskey* v. *Henderson* (231 N. Y. 130, 135) and particularly the ground first stated in the opinion in respect of the right of defendant to refuse to deliver possession of the personal property affixed to the real estate. It is to be noted that (practically identical to the fact in the instant case) upon the foreclosure of the defendant's mortgage in *McCloskey* v. *Henderson* (*supra*) pursuant to judgment the sale was, as stated in the deed to defendant, " subject to the right of the holders of conditional bills of sale or chattel mortgages, if any." (See opinion, p. 147.)

It was said in *McCloskey* v. *Henderson*, by HISCOCK, Ch. J. (at p. 135): " That [Title] Company advanced certain installments under its mortgages between the times when the plaintiff's property was attached to the realty and the date when the conditional sale agreement was filed, as provided by statute, and there is no suggestion that it was otherwise chargeable with knowledge of the conditional character of plaintiff's contract. * * * Under these circumstances in our opinion the Title Company as to its mortgages covering the installments which have been mentioned was plainly a *bona fide* incumbrancer under the statute; the lien of its mortgages covered the property affixed to the realty, and it would have been an act of waste for the plaintiff to tear out the same which the said Title Company could have forbidden and enjoined. (*Kirk* v. *Crystal*, 118 App. Div. 32; affd., 193 N. Y. 622; *Schmaltz* v. *York Mfg. Co.*, 204 Penn. St. 1.) * * * it was his [defendant's] duty to the first mortgagee, the Title Company, to refrain from committing waste himself and within certain limits to preserve the property from waste and destruction by other causes. As such he had a perfect right and an undoubted duty to refuse to aid plaintiff in his unlawful purposes by helping to detach and deliver to him the property in question. He would have made himself personally liable for waste if he had done otherwise than he did. (*Barnett* v. *Nelson*, 54 Ia. 41; *Turner* v. *Johnson*, 95 Mo. 431, 438; *Miller* v. *Ward*, 111 Me. 134; *Benham* v. *Rowe*, 2 Cal. 387; *Shaeffer* v. *Chambers*, 6 N. J. Eq. 548; *Morse* v. *Whitcher*, 64 N. H. 590; *Place* v. *Sawtell*, 142 Mass. 477.) "

This action is one for a wrongful detention of property and plaintiff has not established its right to the possession of same. On the contrary, defendant can and did establish its right to posses-

sion arising out of the above facts. (*Griffin* v. *Long Island R. R. Co.*, 101 N. Y. 348.)

Verdict is, accordingly, directed for defendant and judgment directed dismissing plaintiff's complaint on the merits. Plaintiff may have exception, thirty days' stay of execution and sixty days to make case on appeal.