LeBeau Piping Corporation, Plaintiff, *v.* City of New York, Port of New York Authority and Another, Defendants.

Supreme Court, Special Term, New York County, December 20, 1938.

*Levy & Molloy [Richard T. Levy* of counsel], for the plaintiff.

*Julius Henry Cohen [Mortimer S. Edelstein* of counsel], for the moving defendant, Port of New York Authority.

Church, J. Motion by the defendant, the Port of New York Authority, under rule 106 of the Rules of Civil Practice to dismiss the complaint in this action as against the moving defendant is granted.

The moving defendant appears specially and moves to dismiss the complaint as to it on the ground that it was created by a treaty or compact between the States of New York and New Jersey and was clothed thereby with the sovereign immunities of each State; that such immunity has not been expressly or impliedly waived; that the Port Authority has not been authorized to make such waiver, and furthermore that it is not liable for torts arising out of the performance of government functions.

The plaintiff claims that inasmuch as this is an action in tort the doctrine of sovereign immunity does not apply. Its contention is that a governmental agency such as the defendant Port Authority, to which has been delegated some of the sovereign functions of the State, is liable in tort for the damage caused by its negligence in performing such functions because in so doing it acts in its private corporate capacity. The Port Authority is an agency of both States which joined in its creation and must be regarded as performing, as such agency, a governmental function in the construction, maintenance and operation of the bridges and tunnels

within its jurisdiction. (*Helvering* v. *Gerhardt*, 304 U. S. 405.) The cases cited by the plaintiff in support of its argument are not controlling on the question presented in this motion. The Legislature has not signified its intention to permit the agency to be sued. This omission is significant and the courts are loath to imply a waiver of the sovereign immunity. (*Wolf* v. *State*, 219 App. Div. 584, 587; affd., 247 N. Y. 542; *Saranac Land & Timber Co.* v. *Roberts*, 195 id. 303, 320.) The motion is accordingly granted and the action severed. Settle order.