Austin W. Conklin et al., as Trustees of the Johnsontown Methodist Episcopal Church, an Unincorporated Association, Respondents, v. Palisades Interstate Park Commission et al., Appellants, et al., Defendants.— In an action to recover chattels and for damages, the defendants Palisades Interstate Park Commission and the trustees of the Newark annual conference of the Methodist Church appeal from such parts of the judgment of the County Court, Rockland County, entered on a verdict of a jury, as relate to them. Insofar as appealed from by the appellant Palisades Interstate Park Commission, judgment reversed on the law and the facts, without costs, and the complaint as against that appellant dismissed, without costs. Insofar as appealed from by the trustees of the Newark Annual Conference, judgment reversed on the facts and a new trial granted, with costs to abide the event. The County Court had no jurisdiction of the claim of the plaintiffs against Palisades Interstate Park Commission, which is an instrumentality of the State and not subject to a claim of this nature in any court of the State save the Court of Claims. (L. 1937, ch. 170; Court of Claims Act, §§ 8–12; cf. *Pauchogue Land Corp.* v. *State Park Comm.*, 243 N. Y. 15; *The Onteora*, 298 F. 553, and *Niagara Falls Power Co.* v. *White*, 292 N. Y. 472.) The last cited case did not determine that the Attorney-General by appearing in an action against a governmental agency waives the State's immunity from suit in a State court. On the facts there it was held that waiver could not be urged. The State has assumed liability for damages of this character on the express condition that the claimant complies with the limitations of the Court of Claims Act. There is no statutory authority which permits an agency of the State or an official to waive such condition. The commission makes no claim to the chattels nor asserts any right of possession thereof. The Supreme Court of the United States in *Porto Rico* v. *Ramos* (232 U. S. 627) and *Richardson* v. *Fajardo Sugar Co.* (241 U. S. 44) has held that waiver of immunity from suit can be predicated on the acts of an official of a State by appearing in and contesting an action in a Federal court. Here the action is in a court of this State which has limited the claimants to a single court to which they may resort upon performance of certain conditions. The finding implicit in the verdict that the Johnsontown Methodist Episcopal Church had not submitted to the jurisdiction of the Newark Annual Conference is contrary to the weight of the evidence. Carswell, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.