IN RE WILLIAM E. CONNOR.

STATE, EX REL. LUCY M. REBMAN, APPELLANT, V. ARLESS
L. MACY ET AL., APPELLEES.

FILED JANUARY 31, 1913.   No. 16,932.

1. Guardian and Ward: GUARDIAN OF MINOR: JURISDICTION TO APPOINT.
The probate court in each county in this state has jurisdiction
to appoint a guardian to a minor who is an inhabitant or resi-
dent in the same county, or who has property in the county
and resides in another state. Comp. St. 1911, ch. 34, sec. 2.

2.————: ————: ————. The courts of Kansas have no jurisdiction
to appoint a guardian for a minor whose domicile and property
are in this state. *Connell v. Moore*, 70 Kan. 88.

3. Adoption: APPEAL: FINDINGS. Upon appeal from the county court
in the matter of an application to adopt a minor child, the find-
ings of fact of the district court upon examination of witnesses
in open court are presumed to be correct, and will not be reversed
upon appeal to this court, unless upon consideration of the whole
case it appears that they are clearly wrong.

APPEAL from the district court for Red Willow county:
ROBERT C. ORR, JUDGE.   *Affirmed.*

*A. C. T. Geiger* and *Lambe & Butler,* for appellant.

*W. S. Morlan, W. R. Starr,* and *C. E. Eldred, contra.*

SEDGWICK, J.

In April, 1908, John F. Connor killed his wife, Minnie
Connor.  They were residing at the time, with their two
infant children, upon a farm in Red Willow county, a
few miles from the Kansas state line.  Immediately after
the murder Mr. Connor took the two infant children, a
little boy and girl, to the home of his sister, Mrs. Hattie
Macy, who, with her husband, was residing on an adjoin-
ing farm in Red Willow county, and requested his sister
to take care of the children.  He was soon after arrested,
and pleaded guilty to a charge of murder in the second

degree and was sentenced to imprisonment for life. On the following day he was taken to the penitentiary, where he has since remained. In the following year Mr. and Mrs. Macy applied to the probate court of Red Willow county to adopt the boy, William E. Connor, and the appellant, Mrs. Rebman, appeared and opposed the adoption. Mr. Connor filed with the court a relinquishment of the boy and requested the court to allow Mr. and Mrs. Macy to adopt him. Upon the decision of the probate judge and an appeal to the district court for Red Willow county, Mr. and Mrs. Macy filed a petition setting up, somewhat at length, allegations of the facts and asking to be allowed to adopt the boy. Mrs. Rebman filed an answer alleging many matters in opposition thereto, and a reply was filed, in substance a general denial of the answer. A trial was had, and the court entered an order allowing the adoption, and Mrs. Rebman appealed to this court.

The answer objecting to the adoption alleges, in substance, that John F. Connor, having been convicted of murder and sentenced to imprisonment for life, had no power or authority over the children, and his relinquishment and request for the adoption by the appellees was of no force, and that the appellant is the mother of Minnie Connor and the grandmother of William E. Connor; that Mrs. Macy and her husband have seven children of their own, and have no affection for the child, William E. Connor, and are unfit to have his custody; that the other child was a little girl, a few months old, and that the Macys abused and neglected both of the children, in consequence whereof the little girl died about six months after they took her; that the Macys are not in a condition to take care of the boy; that Mr. Macy is a man of bad habits, accustomed to use bad language and the excessive use of intoxicating liquors, and with bad associations and accustomed to gambling; that both of the Macys used improper parental care of the child, and are boisterous and profane in dealing with them; that one of the children of

the Macys died of tuberculosis, and that the boy is exposed to danger of contagion and his health endangered thereby. Appellant also alleges that she is situated so as to take good care of the child, and that in July, 1909, the boy came to her house and expressed a desire to live with her, and that on that day she made application to a court of competent jurisdiction in Decatur county, Kansas, and was "regularly and legally appointed guardian over the person and property of the William E. Connor aforesaid," and so became the only person having a right to the care and custody of the boy, and that Mr. Macy took the boy away from her by force and violence, against her will. She asked for a writ of habeas corpus giving her the custody and control of the boy.

1. The first question presented is as to the validity of the appointment of the guardian of the boy. It appears from the evidence that the appellant requested that the boy be allowed to go to her house upon her representation that she wanted to have his picture taken, and that the appellees, pursuant to that request, sent the boy there, and she immediately took the boy to Oberlin, in Decatur county, the appellant then being a resident of that county, and procured her appointment as guardian. The domicile of the boy was in Red Willow county, this state, where he was born and had always resided. Under such circumstances it seems clear that the courts of Kansas had no jurisdiction to appoint a guardian, and, so far as this record shows, it also appears that the court which made the appointment was imposed upon, and did so on the supposition that the boy's domicile was in Decatur county, Kansas. The trial court did right in disregarding the alleged guardianship. Comp. St. 1911, ch. 34, sec. 2; *Connell v. Moore*, 70 Kan. 88.

2. The trial court appears to have thoroughly investigated the questions of fact presented in the pleadings as to the condition and surroundings of the respective parties, as to the character and habits of the appellees and their manner of living, and as to their treatment and care

of the boy, and his interest and welfare in their custody and control. There is nothing in the evidence that in any way reflects on the character and conduct of Mrs. Macy. There is some little evidence, mostly as it appears from interested parties, tending to reflect upon Mr. Macy's reputation; but by the clear weight of the evidence in the case these accusations are without foundation. The findings of fact by the trial court in a case like this are entitled to great consideration, and will not be reversed, unless upon the whole evidence it appears that they are clearly wrong. We do not therefore find it necessary to quote or attempt to analyze the testimony of the various witnesses.

The judgment of the trial court being abundantly supported by the evidence, it is

AFFIRMED.

FAWCETT, J., not sitting.