AGNES STEWART, GUARDIAN, APPELLANT, V. FRANK
HERTEN, GUARDIAN, ET AL., APPELLEES.

FILED JULY 12, 1933.   No. 28539.

*Anson H. Bigelow* and *Robert G. Fuhrman,* for appellant.

*Alfred D. Raun* and *Stason & Knoepfler, contra.*

*Crossman, Munger & Barton, Kennedy, Holland & De Lacy* and *Ralph E. Svoboda, amici curiæ.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

Practically as the sole matter of agreement between the parties to this litigation they unite in the conclusion that the proceedings here presented for review were had under the provisions of the "Uniform Declaratory Judgments Act." Comp. St. 1929, secs. 20-21,140 to 20-21,155.

It appears that Charles F. Herten died on January 29, 1931, a resident of Thurston county, Nebraska, leaving a last will. This instrument was duly admitted to probate in the county of his residence. The executors therein named thereupon qualified and entered upon the discharge of their duties, though the administration of said estate has not yet been fully completed. In this will the testator designated as guardians of his minor children, Robert B. Herten, a son, and Marilyn J. Herten, a daughter, the deceased's brother, Frank Herten, who will hereinafter be referred to as defendant, and his sister, Agnes Stewart, who will be hereafter referred to as plaintiff. Both qualified. At the date of the entry of the final order herein appealed from, there was in the possession of the executors, ready to be delivered to them as guardians and available for investment, the sum of $45,602.03.

It also appears that, after qualification as guardians, proceedings were commenced in the county court for Thurston county relating to the care and investment of the funds of these wards. Both plaintiff and defendant were participating therein in a manner which obviously evidences their fundamental disagreements and antagonisms.

While these proceedings were still pending, on December 5, 1931, Agnes Stewart, as joint guardian, filed in the district court for Thurston county a petition in equity. This, in effect, was an original independent action ostensibly invoking the provisions of the uniform declaratory judgments act. The relief sought by her was that a separate unified guardianship of the minor children be authorized and directed; that the guardian, to be appointed for this purpose, should be a corporation as described in her petition; that the investment of the funds of the wards be limited to certain specified forms of property set out by her; and also prayed for general relief. Issues were formed by the amended answer and cross-petition of Frank Herten, as guardian, and the reply of plaintiff.

So far as the purpose of this case is concerned, it may be said that the district court, upon hearing duly had, after making full findings of fact, entered its judgment removing the joint guardians of the minors from their offices, and appointing as their successor a trustee who, upon giving a prescribed bond, was directed to take over the entire estate of the wards, manage it, and invest the cash portion thereof as directed in this decree.

Plaintiff thereupon appealed.

The controlling question presented by the record is the question of jurisdiction of the district court to make the final order appealed from. This question is not raised by the parties to this action. However, it is presented in a brief by *amici curiæ*. This brief was filed by leave of court.

It would seem obvious that "One may, as *amicus curiæ*, suggest the action of the court in any matter in which the court may proceed of its own motion." 2 C. J. 1323.

"Courts are bound to take notice of the limits of their authority, and accordingly a court may of its own motion, even though the question is not raised by the pleadings or is not suggested by counsel, recognize the want of jurisdiction, and it is its duty to act accordingly by staying proceedings, dismissing the action, or otherwise notic-

ing the defect, at any stage of the proceedings." 15 C. J. 852.

See, also, *Radil v. Sawyer*, 85 Neb. 235; *Lynn v. Kearney County*, 121 Neb. 122; *In re Estate of Hansen*, 117 Neb. 551; *In re Estate of Frerichs*, 120 Neb. 462; *Taylor v. Haverford Township*, 299 Pa. St. 402.

Prior to the enactment of our uniform declaratory judgments act in 1929, it would seem beyond cavil that our county courts were vested with exclusive original jurisdiction over all the questions involved in and determined by the decree from which plaintiff has appealed. In this connection the following provisions of our Constitution, and laws passed pursuant thereto, pertaining to the subject of guardian and ward, are pertinent.

"County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, * * * appointment of guardians, and settlement of their accounts." Const. art. V, sec. 16.

By statute it was provided: "The county court shall have exclusive jurisdiction of * * * the guardianship of minors." Comp. St. 1929, sec. 27-503.

So, also: "The county courts in their respective counties, on the application of a guardian, or of any person interested in the estate of any ward, after such notice to all persons interested therein as the court shall direct, may authorize or require the guardian to sell and transfer any stock in public funds, or in any bank or corporation, or any other personal estate or effects held by him as guardian, and to invest the proceeds of such sale, and also any other moneys in his hands in real estate, or in any other manner that shall be most for the interest of all concerned therein; and the court may make such further orders and give such directions as the case may require for managing, investing and disposing of the estate and effects in the hands of the guardians." Comp. St. 1929, sec. 38-506.

In the construction of the foregoing provisions, this court has long been committed to the view that the appointment and removal of guardians, and the control and

direction of the investment of the funds of minors by their guardians, are within the original jurisdiction of the county court. *In re Estate of O'Brien,* 80 Neb. 125; *Seward v. Danaher,* 105 Neb. 787; *In re Connor,* 93 Neb. 118; *Crooker v. Smith,* 47 Neb. 102. See, also, 28 C. J. 1139; *Scammon v. Pearson,* 79 N. H. 213; *Barrett v. Cady,* 78 N. H. 60.

So, also, where exclusive original jurisdiction of a subject-matter is conferred on the county court, and where the relief sought by an action is such as the county court in the exercise of its original jurisdiction might grant, we are committed to the view that the district court has no original jurisdiction in the premises. It is authorized to act upon such subjects of action only when its appellate powers are properly invoked. *Reischick v. Rieger,* 68 Neb. 348; *In re Estate of Ramp,* 113 Neb. 3. See, also, *Lee v. Lee,* 55 Ala. 590; *Ames v. Ames,* 148 Ill. 321.

Our uniform declaratory judgments act was passed and approved April 24, 1929. It was enacted substantially in the form as approved by the National Conference of Commissioners in 1922. In terms employed, this legislation neither purports to repeal or modify any of the legislation heretofore referred to, nor to restate any of the principles of law promulgated in the cases cited herein. It would seem obvious that, construed as an independent act, complete within itself, the purpose of this act is not to supplement or supplant existing statutes. *McCalmont v. McCalmont,* 93 Pa. Super. Ct. 203. Indeed, on the contrary, a similar act adopted in Pennsylvania in 1923, prior to enactment of the Nebraska statute, was before the courts of that state in that year, and it was there determined that a proceeding for a declaratory judgment will not be entertained where the point involved can be as well and speedily determined in an ordinary proceeding open to the parties; that the remedy given by the uniform declaratory judgments act "is an unusual one, provided for the purpose of having issues speedily determined, which otherwise would be delayed, to the possible injury of those inter-

ested, if they were compelled to await the ordinary course of judicial proceedings. No other substantial reason existed for the passage of the statute, and hence, where, as here, there was no necessity for resorting to it, it should not have been employed." *List's Estate*, 283 Pa. St. 255. This principle so announced has met the almost unanimous approbation of the courts of the several states whose legislatures have adopted this enactment.

It may now be fairly said to be a uniform rule of construction in these states that proceedings for a declaratory judgment will not be entertained where another equally serviceable remedy has been provided for the character of case in hand. *Kariher's Petition*, 284 Pa. St. 455; *Leafgreen v. La Bar*, 293 Pa. St. 263; *Ladner v. Siegel*, 294 Pa. St. 368; *Taylor v. Haverford Township*, 299 Pa. St. 402; *Sterrett's Estate*, 300 Pa. St. 116; *Appeal of Kimmell*, 96 Pa. Super. Ct. 488; Comp. St. 1929, sec. 38-506; *James v. Alderton Dock Yards*, 256 N. Y. 298; *Lisbon Village District v. Lisbon*, 85 N. H. 173; *Moore v. Louisville Hydro-Electric Co.*, 226 Ky. 20; *McFarland v. Crenshaw*, 160 Tenn. 170; *Trustees of Columbia University v. Kalvin*, 235 N. Y. Supp. 4; *Estate of Loughlin*, 103 Pa. Super. Ct. 409; *Goldberg & Sons v. Gilet Bldg. Corporation*, 237 N. Y. Supp. 258; *Dempsey's Estate*, 288 Pa. St. 458; *Tanner v. Boynton Lumber Co.*, 98 N. J. Eq. 85; *Mutrie v. Alexander*, 23 Ont. Law Rep. 396; *New York & O. R. Co. v. Township of Cornwall*, 29 Ont. Law Rep. 522; *Union Trust Co. v. Goerke Co.*, 103 N. J. Eq. 159; *Village of Grosse Pointe Shores v. Ayres*, 254 Mich. 58; *Washington-Detroit Theatre Co. v. Moore*, 249 Mich. 673; 68 A. L. R. 119, note.

Under the principle announced by these cases, it is equally obvious that none of the existing powers of the county courts were in any degree modified, impaired, or restricted by the legislative adoption of our uniform declaratory judgments act.

We are also of the opinion that consent of parties in the instant case is insufficient to confer jurisdiction where

otherwise none would exist or could be exercised. *Garden City News v. Hurst,* 129 Kan. 365.

Under the situation here presented, there can be no question but what the powers vested in the county court are ample to afford complete and prompt relief in the instant case, and the subject-matter of the action was necessarily excluded from the original jurisdiction of the district court.

It is obvious, in view of the principles announced in the precedents cited, that exclusive original jurisdiction over the subject-matter involved in this litigation having been conferred in no uncertain terms upon county courts, the attempt of the district court, in the exercise of original jurisdiction, to remove guardians duly appointed by the county court, and replace the same by a trustee, with directions to the latter to take over the property of the minors involved, to manage, invest and control it under the directions of the district court, is unwarranted in law, in contravention of the statutes controlling, and wholly unsupported by the terms of the uniform declaratory judgments act.

The judgment of the district court is therefore reversed and the action dismissed.

REVERSED AND DISMISSED.