Matthias, J.
 

 The question of law presented to this court by the record is whether the Probate Court, upon the issue as presented by the pleadings, was authorized to entertain such action for a declaratory judg
 
 *495
 
 ment notwithstanding the pendency of the proceedings in the administration of the estate involved, and particularly whether the court had jurisdiction in such action to consider, determine and declare the validity or invalidity of the written instruments and election in the estate then being administered in that court.
 

 The Court of Appeals answered this question in the negative.
 

 Jurisdiction to render declaratory judgments was first specifically conferred upon the Probate Court by Section 10501-53, General Code, and more fully in Sections 10505-1 to 10505-10, General Code. The provisions of all these sections were embodied in the Probate Code (effective January 1, 1932, 114 Ohio Laws, 335, 362).
 

 It is significant that in this state declaratory judgment jurisdiction was first conferred only upon Probate Courts. It was extended to “courts of record within their respective jurisdictions” by the Uniform Declaratory Judgments Act, effective October 10, 1933 (115 Ohio Laws, 495). Sections 10505-1 to 10505-10, General Code, were thereby repealed. The General Assembly had full authority under the Constitution to enact the Uniform Declaratory Judgments Act and to make it applicable to the Probate Court. Section 8, Article IY of the Constitution, provides as follows:
 

 “The Probate Court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators, and guardians, and such jurisdiction in
 
 habeas corpus,
 
 the issuing of marriage licenses and for the sale of land by executors, administrators, and guardians, and such other jurisdiction, in any county or counties, as may be provided by law.”
 

 The Uniform Declaratory Judgments Act is contained in Sections 12102-1 to 12102-16, inclusive, Gen
 
 *496
 
 era! Code. Under the provisions of Section 12102-2, General Code, “Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected, by a * * * contract * * * may have determined any question of construction or validity Arising under the * * * contract
 
 *
 
 * * and obtain a declaration of rights, status or other legal relations thereunder. ’
 

 Under the provisions of Section 12102-1, General Code, the court has such power “whether or not further relief is or conld be claimed * * * and such declarations shall have the force and effect of a final judgment or decree.”
 

 Section 12102-4, General Code, reads:
 

 “Any person interested as or through an executor, administrator, trustee, guardian or other fiduciary, creditor, devisee, legatee, heir, next of kin, or
 
 cestui que
 
 trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto: * *
 
 *
 

 “(c) T.o determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.”
 

 Section 12102-12, General Code, reads:
 

 “This act is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered.”
 

 The question here presented involves the interpretation arid application of these statutes. The Declaratory Judgments Act has heretofore been held by this court to provide an alternative remedy. The following language appears in the syllabus of the ease of
 
 Schaefer
 
 v.
 
 First National Bank of Findlay,
 
 134 Ohio St., 511, 18 N. E. (2d), 263:
 

 
 *497
 
 “1. An action for a declaratory judgment may be alternative to other remedies in those cases in which the court, in the exercise of sound discretion, finds that the action is within the spirit of the Uniform Declaratory Judgments Act and a real controversy between adverse parties exists which is justiciable in character and speedy relief is necessary to the preservation of rights that may be otherwise impaired or lost.
 

 “2. While a granting of a declaratory judgment is within the sound discretion of the court, the jurisdiction to grant such a judgment is not limited by the terms of the statutes to those cases in which no remedy is available either at law or in equity.”
 

 These conclusions are supported by Borchard on Declaratory Judgments (2 Ed.), 315, 316, and cases there cited.
 

 It must be conceded that there is a lack of uniformity in the decisions, the courts of some jurisdictions holding that rights may not be declared if the petitioner has another remedy available in a court of law or of equity. See
 
 Kariher’s Petition (No. 1),
 
 284 Pa., 455, 131 A., 265;
 
 Morgan
 
 v.
 
 Dietrich,
 
 179 Md., 199, 16 A. (2d), 916;
 
 Brindley
 
 v.
 
 Meara,
 
 209 Ind., 144, 198 N. E., 301, 101 A. L. R., 682.
 

 . In many cases however, wherein it was determined that an action for declaratory judgment would not’ be entertained, the records disclosed that such judgment or decree if rendered would not terminate the controversy and the adverse action in such cases was based upon the ground stated.
 

 In other cases, rulings adverse to the entry of a declaratory judgment were based upon the ground that a specific remedy deemed exclusive was. provided by statute, such as, for instance, a direct appeal from an alleged invalid levy of taxes or assessments.
 

 There are limitations upon the use of declaratory
 
 *498
 
 judgments which are express and binding. Section 12102-5, General Code, provides that “The enumeration in sections 2, 3 and 4 does not limit or restrict the exercise of the general powers conferred in section 1 in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty.”
 

 This court in the case of
 
 Walker
 
 v.
 
 Walker,
 
 132 Ohio St., 137, 5 N. E. (2d), 405, had occasion to consider and apply Section 12102-6, General Code, which provides that “The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding.” From the opinion of Weygandt, C. J., at page 139, we quote the following very pertinent statement: “The Declaratory Judgment Act is a salutary, remedial measure and should be liberally construed and applied, but, as in the instant case it does not require a court to render a futile judgment that ■‘would not terminate’ any ‘uncertainty or controversy’ whatsoever.”
 

 It is quite generally held that the jurisdiction of the court in declaratory judgment actions is not limited to cases in which no other remedy is available. In other cases, as stated in the opinion in
 
 Stewart, Gdn.,
 
 v.
 
 Herten, Gdn.,
 
 125 Neb., 210, 249 N. W., 552, with the citation of numerous supporting cases, the rule announced is in substance that “proceedings for a declaratory judgment will not be entertained where another
 
 equally serviceable
 
 remedy has been provided for the character of the case in hand.” (Italics ours.)
 

 This pronouncement is in accord with the view expressed in the
 
 Schaefer case, supra,
 
 and with our conclusion in this case. It is quite apparent that in the situation presented in this case, there is not ‘ ‘ another equally serviceable remedy.”
 

 In the instant case, the Probate Court was called
 
 *499
 
 upon to determine whether a declaratory judgment would terminate the uncertainty or controversy giving rise to the proceeding. If it be determined the relief would be ineffective, the court would have had full power and it would have been its duty to refuse to entertain the case. If, under the jurisdiction conferred upon the Probate Court to render declaratory judgments, such authority could not be exercised in this proceeding, it is difficult to see where it would be .available.
 

 Section 12102-4, General Code, specifically confers fhe right to have any question determined which arises .in the administration of an estate. The Probate Court has exclusive jurisdiction in the administration of •estates. It is contended, however, that the Probate Court did not have jurisdiction to render a declaratory .judgment while the administration of the estate was pending. Certainly the Probate Court would not have .jurisdiction to determine the matters at issue after the administration had been fully settled and the estate closed. It would then follow that if the Probate Court did not have jurisdiction to act by way of declaratory judgment before the pendency of administration proceedings or during the pendency of administration proceedings or after the termination of pro■ceedings in the administration of the estate, then the Probate Court would not have declaratory judgment jurisdiction in any respect whatever with reference to proceedings in the administration of .an estate. Certainly it must be concluded, as contended by counsel for the appellant, that the only time when the Probate Court does have the power to declare rights and status and the legal relations of the parties interested as heirs, executors, etc., in an estate is after the administration of the estate has been commenced and while it is still pending.
 

 This case is one peculiarly for the application of the
 
 *500
 
 jurisdiction, of the Probate Court in the matter of the issuance of a declaratory judgment. The judgment in this case will be
 
 res judicata
 
 on the question of the right to elect. If appellant had filed his election to take under the law after the nine-month «limitation had expired, unless this remedy is available, appellee might have disregarded the election, distributed the estate and thus required the appellant to contest the distribution by exceptions to the account of the executrix, at which time the property would have been in the hands of the distributees. The prevention of just that sort of situation is attained by the exercise of declaratory judgment jurisdiction, and it was^to serve such purpose that the Uniform Declaratory Judgments Act was passed.
 

 The judgment of the Court of Appeals dismissing the case on the ground that the Probate Court was without jurisdiction in the premises is reversed and the cause remanded to the Court of Appeals for further proceedings.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Hart, Zimmerman, Bell and Turner, JJ., concur. ■
 

 Williams, J.,not participating.