Taft, J.,
 

 dissenting. This is an action for a declaratory judgment brought against the administrator of the Bureau of Unemployment Compensation of Ohio. Plaintiff seeks a declaration that its agents, who solicit applications for insurance and collect premiums, are not in “employment” within the meaning of the provisions of Section 1345-1, G-eneral Code, which is part of the Ohio Unemployment Compensation Act. By way of “further relief” plaintiff seeks an order
 
 *300
 
 directing that contributions heretofore made by the company in respect to these agents be refunded to it.
 

 Plaintiff made contributions in respect to these agents in each of the years 1940 through 1945 and for the first two quarters of the year 1946.
 

 - Plaintiff had filed a claim for refund for the contributions for the year 1940. In 1944 the administrator denied that claim. No appeal was taken from that decision of the administrator. Thereafter on December 14, 1944, the company commenced this action.
 

 The administrator contends that this action for a declaratory judgment cannot be maintained.
 

 Plaintiff concedes that, under Section 1345-2 (e), General Code, he could apply to the administrator for an adjustment of its contributions on account of these agents at any time not later than four years after their payment; the administrator would then be required to determine whether such contributions were erroneously collected; and, if he so determined, the administrator would then be required either to make an adjustment on account of the contributions erroneously collected or to refund them.
 

 Plaintiff concedes further that, under Section 1345-4 (c) 4 G, General Code, he could appeal to the Common Pleas Court of Franklin County from any decision of the administrator determining that part or all of the contributions on account of these agents were not erroneously collected. The statute further requires that such an appeal “shall be given precedence over other civil cases.”
 

 Plaintiff relies on the decisions of this court in
 
 Schaefer
 
 v.
 
 First National Bank of Findlay, Ohio,
 
 134 Ohio St., 511, 18 N. E. (2d), 263, and
 
 Radaszewski
 
 v.
 
 Keating, Exrx.,
 
 141 Ohio St., 489, 49 N. E. (2d), 167. Those cases do determine that an action for a declaratory judgment may he maintained even if another remedy is available at law or in equity. However,
 
 *301
 
 both eases clearly recognize that such an action cannot be maintained except where “a speedy and immediate adjudication is essential to full protection of rights and interests”
 
 (Schaefer
 
 v.
 
 First National Bank, supra,
 
 at 519), or “speedy relief is necessary to the preservation of rights that may be otherwise impaired or lost”
 
 (Radaszewski
 
 v.
 
 Keating, supra,
 
 paragraph 3 of the syllabus).
 

 In the opinion by Matthias, J., in
 
 Radaszewski
 
 v.
 
 Keating, supra,
 
 it is said on page 498:
 

 “It is quite generally held that the jurisdiction of the court in declaratory judgment actions is not limited to cases in which no other remedy is available. In other cases, as stated in the opinion in
 
 Stewart, Gdn.,
 
 v.
 
 Herten, Gdn.,
 
 125 Neb., 210, 249 N. W., 552, with the citation of numerous supporting cases, the rule announced is in substance that ‘proceedings for a declaratory judgment will not be entertained where another
 
 equally serviceable
 
 remedy has been provided for the character of the case in hand.’ (Italics ours.)
 

 ‘ ‘ This pronouncement is in accord with the view expressed in the
 
 Schaefer case, supra,
 
 and with our conclusion in this case. It is quite apparent that in the situation presented in this case, there is not ‘another equally serviceable remedy.’ ”
 

 In the instant case, the alternative remedy by application to the administrator and, if necessary, appeal to the Common Pleas Court of Franklin County would certainly appear to offer just as “speedy and immediate adjudication” and as “speedy relief” and be as “equally serviceable” a remedy as the plaintiff’s action for a declaratory judgment in the Common Pleas Court of Franklin County.
 

 This is not a situation where plaintiff’s alternative remedy does not arise until someone elects to institute proceedings against him, as in the
 
 Schaefer case;
 
 or
 
 *302
 
 until the happening of some future event which might have a tendency to impair the rights of plaintiff as in the
 
 Keating case.
 
 Admittedly, the plaintiff in the instant case could, at any time within four years after the payments which he seeks to recover, apply to the administrator under Section 1345-2 (e), General Code, for the ultimate relief sought in this case and appeal, under Section 1345-4 (c) 4 G, General Code, from any adverse decision of the administrator denying part or all of the relief sought.
 

 My conclusions therefore are:
 

 1. An action for a declaratory judgment cannot be maintained where the plaintiff has another equally serviceable and speedy statutory remedy available at the time.
 

 2. Under Sections 1345-2 (e) and 1345-4 (c) 4 G, General Code, an employer has such a remedy to recover contributions, claimed to have been erroneously paid on account of agents claimed not to be in “employment” within the meaning of Section 1345-1, General Code.
 

 It might he argued that, when this action was commenced in December, 1944, plaintiff had no right to recover for the contributions to be made in 1945 and subsequent years. However, if, as plaintiff contends, the material facts with regard to its relation to these agents were the same in each of the years 1940 through 1946, then a favorable decision for plaintiff on an appeal from a decision of the administrator, rejecting plaintiff’s claim for the years prior to 1945, would just as effectively determine the status of these employees, by way of
 
 res judicata
 
 for the years subsequent to 1944, as a decision in the declaratory judgments action.