In re Estate of Uhl.

(No. 1040—Decided February 5, 1954.)

*Messrs. Wiedeman & Wiedeman,* for exceptor.
*Messrs. Moloney & Kelly,* for administratrix.

MIDDLETON, J. This is an appeal from a judgment entered by the Probate Court of Marion County, Ohio, on an application filed by the administratrix to determine the nature of a claim allegedly due the estate of Louis G. Uhl, finding the amount due on such claim, and whether such amount found due, with interest, should be included as an asset of said estate upon the filing of an amended inventory and appraisement.

The application filed by the administratrix is as follows:

"In re Estate of Louis G. Uhl:

"Now comes Agnes Uhl as administratrix of the estate of Louis G. Uhl and represents to the court that at the time of the filing of the inventory herein she was advised that decedent during his lifetime had made certain payments for Don E. Uhl, his son, and turned over certain moneys to him during the years 1946, 1947, 1948, 1949, 1950 and 1951, all in the approximate sum of seven thousand one hundred eighty-eight dollars and obligated himself for the payment of an additional sum of two thousand six hundred dollars to The Marion County Bank, Marion, Ohio, the proceeds of this obligation passing to the said Don E. Uhl. However, your applicant had reason to consider said sums as advancements to the said Don E. Uhl.

"Your applicant says that since the filing of the inventory herein information has come to her attention which tends to prove that such sums were in fact loans and accordingly assets of this estate.

"Your applicant says that since the filing of the inventory herein it has also come to her attention that further and additional sums probably passed to the said Don E. Uhl in the aggregate sum of two thousand and 93/100 dollars.

"Your applicant says that in the interest of her trust judicial determination should be made as to whether or not such sums are debts and therefore assets of this estate and incorporated in the inventory as such.

"Wherefore, your applicant prays that determination be now made as to the character of such sums received by the said Don E. Uhl and if found to be indebtedness due the estate, that the same be ordered

incorporated in the inventory as assets of this estate.''

At the time this application came on for hearing the court overruled the motion of the son, Donald E. Uhl, to dismiss the application, and proceeded, over the objection of the son, to hear testimony supporting the application.

The court, after ruling on the exceptions filed to the inventory and appraisement, made the following finding as it applied to the application filed by the administratrix, to wit:

''1. That a portion of the indebtedness of said estate to The Marion County Bank, Marion, Ohio, to wit: $2,147.25 which was borrowed on or about November 12, 1949, was, in fact, a loan for the benefit of Donald E. Uhl, the proceeds of said loan having been used for the purchase of a tractor delivered to and received by the said Donald E. Uhl on his farm, and for which the estate has a claim against the said Donald E. Uhl, which claim should be included, with interest at six per cent (6%) per annum from November 12, 1949, as an asset in the amended inventory and appraisement of said estate.

''2. That any and all other sums paid to Donald E. Uhl by Louis G. Uhl during the latter's lifetime, as disclosed by the evidence herein, were gifts.''

Upon said finding, the court made the following order:

''It is further ordered and decreed that upon the making of an amended inventory and appraisement herein that there be included therein the indebtedness of Donald E. Uhl to the estate of Louis G. Uhl in the sum of $2,147.25, with interest at six per cent per annum thereon from the 12th day of November, 1949, as an asset thereof.''

No summons was issued upon the filing of this application nor was any notice given to anyone of the filing thereof.

Every executor and administrator is required to make a return, on oath, into court, of a true inventory of all real estate in Ohio, and the chattels, moneys, rights and credits of the deceased which are to be administered and which have come into his possession or knowledge. (Section 10509-41, General Code, Section 2115.02, Revised Code.) Such inventory must contain a statement of all debts and accounts belonging to the deceased which are known to such executor or administrator. (Section 10509-52, General Code, Section 2115.09, Revised Code.) Newly discovered assets coming into the hands of the administrator or executor after the filing of the original inventory shall be administered and accounted for and distributed in like manner as if received prior to the filing of such inventory. He shall file an itemized report of such assets and shall not be required to make an inventory and appraisement of the same, unless ordered by the court to do so, either upon its own motion or upon the application of any interested party. (Section 10509-147, General Code, Section 2113.69, Revised Code.)

The above statutory provisions make it the duty of an administrator to inventory all debts owing to the estate, and permission or direction of the court is not required to include debts in an inventory or to account for them if newly discovered after the filing of the original inventory.

There is no statutory provision which requires or authorizes the filing of such an application as was filed by the administratrix in the instant case, nor is there any statutory authority vested in the court to make any order based upon such an application, unless such application can be construed as a petition for a declaratory judgment.

The Declaratory Judgments Act, as it applies to

executors and administrators, is set forth in Section 12102-4, General Code (Section 2721.05, Revised Code), and provides that such executor or administrator may have a declaration of rights or legal relations in respect thereto: (b) to direct the executors, administrators, trustees, or other fiduciaries to do or abstain from doing any particular act in their fiduciary capacity; or (c) to determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.

In any case seeking a declaratory judgment there must be of necessity a plaintiff and a statement of such plaintiff's rights or claims and there must be likewise an adversary party, and the averments of the petition seeking judgment must set forth the existence of a real justiciable controversy between the parties, and it must appear by the petition that the judgment asked will conclusively determine the issues raised. The petition must set forth a dispute between parties who face each other in an adversary proceeding.

The application of the administratrix in the instant case does not meet the requirements of a petition for a declaratory judgment, either in form or substance. The application is not adversary in character. There is no party plaintiff or parties defendant. The facts set forth in the application do not allege any justiciable controversy, and such application is an attempt to obtain from the court a decision in advance concerning a right before it has been actually asserted or contested.

The fact that the application sets forth claims which the administratrix desires to have the court rule on does not clothe the court with jurisdiction to entertain the application or to enter any judgment thereon.

It is generally held that a court should refuse to consider a petition for a declaratory judgment that re-

quires the court to render a futile judgment, one that would not terminate the uncertainty giving rise to the proceedings. It is also the rule that proceedings for a declaratory judgment will not be entertained where another equally serviceable remedy has been provided for the character of the case at hand. *Radaszewski* v. *Keating, Exrx.*, 141 Ohio St., 489, 49 N. E. (2d), 167.

In the instant case the administratrix does have another equally serviceable remedy by filing in the Court of Common Pleas an action to recover the amount claimed by her to be due the estate from Donald E. Uhl.

The court finds that the Probate Court erred in not sustaining the motion of Donald E. Uhl to dismiss the application filed by the administratrix, and further finds that the finding and judgment of the Probate Court are contrary to law.

The judgment of the Probate Court is reversed, and this court, coming now to render the judgment which the court below should have rendered, sustains the motion to dismiss the application filed herein by the administratrix, and remands the cause for execution.

*Judgment reversed.*

YOUNGER, P. J., and GUERNSEY, J., concur.