CARTER, APPELLEE, *v.* VASSAR ET AL., APPELLANTS.

(No. 1014—Decided July 18, 1961.)

192

Messrs. *Goslee & Dunlap*, for appellee.
Mr. *James B. West*, for appellants.

Guernsey, P. J. This is an appeal on questions of law from a declaratory judgment in case number 25588 of the Court of Common Pleas declaring that the plaintiff, as the widow of Samuel Carter, is entitled to receive a pension from the Firemen's Relief and Pension Fund of the city of Bellefontaine by virtue of her deceased husband's membership in the fund. Six of the defendants were sued in their official capacity as members of the board of trustees of the fund and two of the defendants were sued in their respective official capacities as Treasurer and Auditor of the city of Bellefontaine. At the time of trial the membership of the board of trustees had changed so that some of those named in the petition and served with summons were no longer on the board. Their successors were not substituted as parties defendant nor were they served with summons.

It appears further that Samuel Carter, prior to his death on June 14, 1958, had initiated an action in mandamus in the same court, being case number 25331, seeking to establish his own pension rights in the fund, which case was ordered by the trial court to be heard with the case from which this appeal is taken, notwithstanding that Samuel Carter was deceased and notwithstanding that some of the parties defendant no longer were members of the board, there being no revivor or substitution of parties. The defendants therein filed a motion to strike same from the docket, and the motion was thereafter sustained by judgment entered either before the declaratory judgment in case number 25588 or entered before the appeal was heard in case number 25588.

It appears also that Samuel Carter had been removed from his position as fireman and had filed an action in mandamus, case number 23664, to establish the illegality of his removal and to cause his reinstatement. The records of that case, including the appeal therefrom and the testimony of the clerk of courts as to an entry on the journal of an order of the court therein which could not be found in its original form, were admitted in evidence in this cause and show that the petition was filed on July 3, 1952; that, thereafter, on September 14, 1954, upon the evidence, the trial court ordered an *alternative* writ of manda-

mus to issue to restore Carter to his position as fireman; that an appeal was taken to this court, which was dismissed by this court on January 5, 1955, by reason of the failure of the appellants to perfect same; that on January 8, 1955, a motion was filed in the trial court to find the defendants in contempt for not reinstating Carter to his position as previously ordered; and that on January 15, 1955, the following judgment was entered by the trial court:

"The defendants and their counsel and plaintiff appeared before the court and announced to the court that their differences had been settled and adjusted, and that the court's judgment heretofore ordering the plaintiff, Samuel Carter, restored to his position in the Fire Department would be obeyed and carried out; and that Samuel Carter would be placed back in the service of the department and ordered to enter upon his duties at seven o'clock a. m., on Monday, January 17, 1955.

"The court accepted the adjustment of the differences between the parties, and it is therefore ordered and adjudged by the court that the contempt proceedings filed against each of the defendants hereby be, and it is, dismissed, and each of said defendants is discharged at the costs of the defendants."

In this appeal the defendants, appellants herein, claim error of the trial court in the following particulars:

"1. Could case no. 25331 and case no. 25588 be consolidated for trial?

"2. Did Samuel Carter's case no. 25331 abate at his death?

"3. Could case no. 25588 proceed to trial, the defendants being deceased and replaced and no service had upon defendant successor trustees?

"4. Was an action for declaratory judgment proper in case no. 25588?

"5. Could case no. 25588 determine the rights as to the Fireman's Relief and Pension Fund when the members of the fund were not made parties defendant?

"6. Was the judgment in case no. 23664 conclusive as to Trustees and Carter's rights in the fund?"

Considering the first two assignments of error together, we observe that the trial court did grant the motion to strike filed in case number 25331 by reason of the death of Samuel Carter without revivor of the action in the name of his personal repre-

sentative and that all the evidence admitted by the trial court pertinent to case number 25331 was pertinent and competent evidence in case number 25588 on the question of Carter's employment as a fireman, and this court does not find that the trial court committed any error prejudicial to the appellants as claimed in either the first or second assignment of error.

With reference to appellants' third assignment of error, we find the following quotation from Section 26, Abatement, Survival and Revival, 1 Ohio Jurisprudence (2d), 44, together with the authorities therein cited in support thereof, entirely dispositive of such assignment:

"* * * Likewise, an action against a public officer as such, being in its nature an action against the office rather than the person filling it, does not abate where his term of office expires or he resigns and a new officer is inducted into office while such action is pending, so as to necessitate substitution of the new incumbent; the better practice is for the new officer to substitute himself by motion in the place of the retiring one, but his failure to do so does not have the effect of abating the action."

Appellants' fourth assignment of error is based on the claim that a declaratory judgment action will not lie herein by reason of the provisions of Section 741.15, Revised Code:

"The granting of relief or pension to any person pursuant to the rules adopted by the board of trustees of the firemen's relief and pension fund vests a right in such person to obtain and receive the amount fixed by the board. *Such right may be enforced by an action in mandamus* instituted in the Court of Common Pleas in the county in which the person granted such relief or pension resides." (Emphasis added.)

This section does not make mandamus the exclusive remedy to enforce a beneficiary's rights. By ordinary meaning of its words the section is permissive, permitting the use of mandamus but not prohibiting the use of another appropriate action. Moreover, it is confined in its operation and effect to relief or pension which has been granted. In the within case no pension has been granted to the widow of Samuel Carter, and her action is initiated to establish her right to same.

The better view, and the view apparently followed by the trial court, is the one taken by the Supreme Court of Ohio in

the case of *Schaefer* v. *First National Bank of Findlay*, 134 Ohio St., 511, wherein the court held:

"3. An action for a declaratory judgment may be alternative to other remedies in those cases in which the court, in the exercise of sound discretion, finds that the action is within the spirit of the Uniform Declaratory Judgment Act and a real controversy between adverse parties exists which is justiciable in character and speedy relief is necessary to the preservation of rights that may be otherwise impaired or lost."

See, also, *Radaszewski* v. *Keating, Exr.*, 141 Ohio St., 489, and *American Life & Accident Ins. Co. of Kentucky* v. *Jones, Admr.*, 152 Ohio St., 287.

Giving the usual presumption of validity to the judgment of the trial court, we must, in the absence of an affirmative showing to the contrary, presume that the trial court exercised its discretion and found that the declaratory judgment action was a proper action to obtain the relief to which the plaintiff was entitled. It appears to this court that the action is within the spirit of the Act, that a real controversy exists between the plaintiff and the defendants, which is justiciable in character, that if the plaintiff is entitled to a pension she was so entitled upon the death of her husband and thereafter, and that any further delay in providing same to her would of necessity impair the purpose of and her right to pension. These things appearing, this court cannot say that the trial court abused its sound discretion in proceeding by way of declaratory judgment to grant the relief prayed for. Such being the case defendants' fourth assignment of error is without merit.

Defendants' fifth assignment of error is founded on the assertion that plaintiff's claim to a pension, if allowed, would deplete the relief and pension fund so as to adversely affect the benefits to the members of the fund, that plaintiff's claim is thus adverse to the rights and benefits of the individual members, and that each and all of them are necessary parties defendant in this action.

Without any determination as to whether the individual members of the relief and pension fund would be *proper* parties defendant, this court is of the opinion that in an action filed against the board of trustees of the fund, as long as its interests are not adverse to the interests of the individual members

thereof, the board can and does properly represent each of such members as beneficiaries of the trust, and the individual members of the fund are not necessary parties to the action.

Defendants' sixth and last assignment of error is based on a contention that the judgment of the Court of Common Pleas in case number 23664, purporting to reinstate Carter to his position of fireman, could have no bearing in the instant action and could not conclude the rights of Carter, or his widow, in the relief and pension fund.

It is evident from the record of the judgment, and other matters pertaining to case number 23664 hereinbefore referred to, admitted into evidence, that such case merely tends to establish Carter's right at such time to be reinstated to the position of fireman and to show his reinstatement thereto as of January 17, 1955. This judgment could not in and of itself be conclusive of any right of Carter, or his widow, to become a beneficiary of the relief and pension fund, because a member of a fire department may or may not be a member of the relief and pension fund, the latter status being dependent on whether a fireman contributes the requisite percentage of his annual salary to the fund. On the contrary, however, a member of the relief and pension fund must be a fireman. The judgment in case number 23664, and that portion of the record hereof admitted into evidence, reflect on Carter's status as a fireman at least from the time of the filing of his petition in such action until his reinstatement effective January 17, 1955. Reference to the bill of exceptions shows that to such extent only the trial court properly admitted the record of such case into evidence. There being no affirmative showing that the trial court considered same for any other than such limited purpose, this court can not find prejudicial error in the manner specified by the sixth assignment of error.

There being no prejudicial error in the particulars assigned and argued in appellants' brief, the judgment of the trial court is affirmed.

*Judgment affirmed.*

MIDDLETON and YOUNGER, JJ., concur.