590 P.2d 454

Emmanuel Green BARNET, M. D., Appellant,

v.

The BOARD OF MEDICAL EXAMINERS of the State of Arizona, Appellee.

No. 13944.

Supreme Court of Arizona, In Banc.

Feb. 1, 1979.

Thomas Anthony Barnet, Allen A. Haggard, Phoenix, for appellant.

Bruce E. Babbitt, John A. LaSota, Jr., Former Attys. Gen., Robert K. Corbin, Atty. Gen. by Charles E. Buri, Asst. Atty. Gen., Phoenix, for appellee.

CAMERON, Chief Justice.

Appellant Emmanuel Green Barnet, M.D., appeals from the order of the Superi-

or Court granting the petition of the Arizona Board of Medical Examiners to compel the taking, by Dr. Barnet, of an Oral Medical Competence Examination, a Mental Examination, and also to compel Compliance with Administrative Subpoenas. We have jurisdiction pursuant to Rule 19(e), Rules of Civil Appellate Procedure, 17A A.R.S.

We are asked to decide but one question on appeal: Did the trial court err in refusing to grant appellant's motion to dismiss the appellee's petition for lack of verification?

The following facts are necessary for a determination of this matter on appeal. As a result of an investigation of appellant commenced by the Board in early June 1975 in connection with his alleged operation of the "Arizona Headache and Biofeedback Clinic," the Board ordered Dr. Barnet to submit to an Oral Medical Competence Examination and a Mental Examination. The Board also issued administrative subpoenas upon Dr. Barnet. Dr. Barnet refused to comply with the orders of the Board and the subpoenas.

On 13 April 1977, the Board filed its petition, pursuant to A.R.S. § 32–1451(G), in Superior Court to compel the taking of an oral medical competence examination and a mental examination by the appellant and to compel his compliance with subpoenas issued by the Board. The petition contained numerous allegations concerning Dr. Barnet. The Board's petition was verified by its executive director.

After the Board filed its petition, the appellant sent interrogatories to the Board. The Board was asked in Interrogatory No. 10 what facts or conduct tended to show that appellant was medically incompetent and/or medically unfit to practice medicine in Arizona. The Board responded in pertinent part:

"[The Board] does not know, and obviously has not reached any conclusion that Emmanuel Green Barnet, M.D., is medically incompetent or mentally unfit safely to practice medicine or may constitute a medical danger to citizens of The State of Arizona."

Appellant then filed his "Motion to Strike Verification and Petition" on the grounds that the verification was a sham. The Superior Court ordered the verification struck. The propriety of the order striking the verification is not considered by this court at this time. Dr. Barnet, contending that the petition had to fail because of lack of verification, then moved to dismiss the petition. The Superior Court denied the motion and granted the relief sought by the Board. Dr. Barnet appeals from the denial of his motion to dismiss. Dr. Barnet states the question for the court as follows:

"In consideration of Rule 11(c) of the Arizona Rules of Civil Procedure, which provides for verification of equitable relief proceedings, did the trial court err in not dismissing the petition of Bomex (and, hence cause a properly verified petition to be refiled without prejudice to the parties) when said court ordered the petition verification of Bomex/Paul R. Boykin struck?"

Rule 11(c) reads:

"When equitable relief is demanded, and the party demanding such relief makes oath that the allegations of the complaint, counterclaim, cross-claim, or third-party claim are true in substance and in fact, the responsive pleading of the opposite party shall be under oath, unless the oath is waived in the pleading to which the responsive pleading is filed, and each material allegation not denied under oath shall be taken as confessed."

Rule 11(c) does not require that a pleading asking for equitable relief must be verified. It only requires that if an initial pleading which demands equitable relief is verified then a pleading response similarly must also be verified unless waived. Rule 11(c) does not support Dr. Barnet's position.

Appellant contends, however, that A.R.S. § 12–1803(B) applies in the instant case. The statute reads:

"A. An injunction may be granted at the time of commencing the action upon the complaint, and at any time afterward before judgment upon affidavits. The

complaint or the affidavits shall set forth sufficient grounds therefor.

"B. An injunction shall not be granted on the complaint unless it is verified by the oath of the plaintiff that he has read the complaint, or heard the complaint read, knows the contents thereof, and that it is true of his own knowledge, except the matters stated therein on information and belief, and that as to those matters, he believes the complaint to be true.

\* \* \* "

 Even if we assume that injunctive relief is requested herein, it does not appear that A.R.S. § 12–1803 applies. A reading of the section indicates it is limited to those instances where the petitioner is seeking injunctive relief prior to the judgment. This statute means that relief on the "complaint alone" shall not be granted unless the complaint is verified. If it is not verified, ex parte relief may not be granted on the complaint alone. Admittedly, the better practice might be to verify the complaint if, for no other reason, than to take advantage of Rule 11(c), to require that the answer be verified or the allegations in the complaint admitted. It is not, however, required by this statute. The petitioner may omit the verification in his pleading and await judgment before obtaining the relief requested in the petition. We find no error.

Order affirmed.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.