601 P.2d 1326

Manuel PENA, Jr.; Sandra Foreman; and Steve Goodoien, Appellants,

v.

Patricia FULLINWIDER, in her capacity as Assistant Director of the Weights and Measures Division of the Department of Administration, an agency of the State of Arizona, Appellee.

No. 14447.

Supreme Court of Arizona, In Banc.

Oct. 22, 1979.

Bruce E. Meyerson, Phoenix, for appellants.

Robert K. Corbin, Atty. Gen., by Fred W. Stork, III, Asst. Atty. Gen., Phoenix, for appellee.

STRUCKMEYER, Vice Chief Justice.

This appeal is from a judgment of the Superior Court dismissing appellants' complaint. Jurisdiction was accepted pursuant to Rule 19(e), Arizona Rules of Civil Appellate Procedure, 17A A.R.S. Reversed.

Appellants, Arizona residents and taxpayers, brought this suit under the Declaratory Judgments Act, A.R.S. § 12–1831, et seq.,

against the Assistant Director of the Weights and Measures Division of the Department of Administration of the State of Arizona. Their complaint alleged that a legislative act, Ch. 146 of the Session Laws of 1975 amending A.R.S. § 41–2065, was unconstitutional because it combined two distinct subject matters in one act in violation of Ariz.Const. Art. 4, Pt. 2, § 13. The Court below dismissed the complaint on appellee's motion that no claim was stated upon which relief could be granted.

By Laws of 1974, Ch. 200, A.R.S. §§ 41–2051, et seq., there was established within the Department of Administration the Division of Weights and Measures, to be administrated by an assistant director. Section 41–2065 provided that the assistant director was to "Establish labeling standards, established standards for the presentation of cost-per-unit information * * *." 1974 Ariz.Sess.Laws, Ch. 200 at 1128. Since the statute had not been construed by a court in Arizona, it was not settled whether the language of the statute mandated cost-per-unit pricing by retailers.

In 1975, by Ch. 146, the Legislature repealed the provision for establishing standards for the presentation of cost-per-unit information and provided that "[t]he assistant director *may* establish standards for the presentation of cost-per-unit information" and also that nothing in the Act should be construed to require the use of cost-per-unit information in connection with the sale of any commodity. (Emphasis added.) See 1975 Ariz.Sess.Laws, Ch. 146 at 677; A.R.S. § 41–2065.C.

The title of Chapter 146 recites:

"AN ACT

RELATING TO PUBLIC OFFICERS AND EMPLOYEES; AUTHORIZING CERTAIN ACTIVE MEMBERS OF THE PUBLIC SAFETY PERSONNEL RETIREMENT SYSTEM THAT HAD CERTAIN PREVIOUS SERVICE WITH AN EMPLOYER OF THE SYSTEM TO REPAY WITHDRAWN SEVERANCE BENEFITS AND RECEIVE CREDIT FOR SUCH SER-

VICE; PROVIDING THAT CITY, TOWN OR COUNTY MAY ELECT BY RESOLUTION TO AUTHORIZE PRIOR SERVICE CREDIT FOR ELIGIBLE EMPLOYEES; PRESCRIBING CERTAIN PERCENTAGES OF PREFERENCE IN DETERMINATION OF FINAL RATING ON EXAMINATION FOR EMPLOYMENT BY THE STATE OR ANY POLITICAL SUBDIVISION UNDER A MERIT SYSTEM OF EMPLOYMENT; PRESCRIBING AUTHORITY OF ASSISTANT DIRECTOR OF THE DEPARTMENT OF ADMINISTRATION FOR THE DIVISION OF WEIGHTS AND MEASURES TO ESTABLISH STANDARDS FOR THE PRESENTATION OF COST–PER–UNIT INFORMATION AND PRESCRIBING THAT THIS AUTHORITY SHALL NOT BE CONSTRUED TO MANDATE USE OF COST–PER–UNIT INFORMATION IN CONNECTION WITH SALE OF ANY COMMODITY; REPEALING LAWS 1974, CHAPTER 168, AND AMENDING SECTIONS 38–492 and 41–2065, ARIZONA REVISED STATUTES."

The Constitution of Arizona, Art. 4, Pt. 2, § 13 provides:

"Every Act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be embraced in the title."

Appellants' position is that Chapter 146 is unconstitutional as violating § 13 because retirement benefits of former public safety employees and rating preference for certain groups on state employment examinations are wholly unrelated to cost-per-unit pricing information.

The Arizona Department of Weights and Measures moved to dismiss pursuant to Ariz.R.Civ.P. Rule 12. The gist of the motion to dismiss was, first, that plaintiffs lacked standing to bring the action and, second, that no justiciable controversy existed between the parties.

## I. The Standing

■ It should be emphasized that decisions of the federal courts are not precedent for the interpretation of a state declaratory judgment statute. Jurisdiction of the federal courts is limited to "cases and controversies." Art. III, § 2, United States Constitution. Jurisdiction of the Superior Court, however, is prescribed by the Constitution and Statutes of Arizona. Ariz.Const. Art. 6, § 14.

■ This matter was brought under the Arizona Declaratory Judgments Act, A.R.S. §§ 12–1831, et seq. The Act provides by § 12–1832:

"Any person * * * whose rights, status or other legal relations are *affected* by a statute, * * *, may have determined any question of construction, or validity arising under the * * * statute * * * and obtain a declaration of rights, status or other legal relations thereunder." (Emphasis added.)

Those persons who qualify under the statutory definition are proper parties to bring a suit whose purpose is to have a statute declared unconstitutional.

The legislation challenged by appellants repeals the provision of A.R.S. § 41–2065.-A.7. requiring the assistant director of weights and measures to establish labeling standards and standards for the presentation of cost-per-unit information. Appellants as consumers are "affected" by the amendment because cost-per-unit pricing information is designed to allow them to compare the costs of different commodities. They have an actual or real interest in the matter for determination. Cf. *Podol v. Jacobs,* 65 Ariz. 50, 54, 173 P.2d 758 (1946).

We therefore hold that appellants are persons whose rights are "affected" by Ch. 146 and have standing within the meaning of the Declaratory Judgments Act to test the constitutionality of the legislative enactment.

## II. A Justiciable Controversy

Appellee's argument that appellants do not present a justiciable controversy stems

from her position that a declaratory judgment would not end the dispute between the parties. The basis for appellee's position is that because the 1974 statute had not been interpreted as requiring mandatory cost-per-unit regulations, a declaration that the amended statute was unconstitutionally adopted would not end any controversy which might exist as to whether the regulations issued by the director are mandatory. Appellee, therefore, argues that the trial court had discretion to dismiss the action because A.R.S. § 12–1836 empowers a court to refuse to enter a declaratory judgment if it would not terminate the controversy giving rise to the proceedings.

It appears that prior to the repeal of the 1974 statute, the Division of Weights and Measures proposed non-mandatory cost-per-unit regulations, which the Attorney General refused to certify. Thereafter, mandatory regulations were proposed, approved and adopted. Appellee argues that if the court declares the amended Act unconstitutional, someone in the future might bring an action to establish that the statute as originally enacted does not require mandatory cost-per-unit provisions.

We do not think, however, that the speculative possibility that some person might at some future time wish to litigate whether the original Act was mandatory can be the basis for denying relief here. Such a possibility may never take place. The discretion of a court with respect to granting or denying declaratory relief is not unlimited. *Foster v. Masters Pontiac Co.,* 158 Cal.App.2d 481, 322 P.2d 592. The refusal to grant declaratory relief is limited to cases where a declaration of rights would be unnecessary or improper at the time under all the circumstances.

"Declaratory judgments are rendered in Ohio pursuant to statutory provisions based on the Uniform Declaratory Judgments Act. Section 2721.07, Revised Code, provides that 'courts of record may refuse to render or enter a declaratory judgment or decree when such judgment or decree would not terminate the uncertainty or controversy giving rise to the proceeding.' The discretion thus vested in a trial court is a limited discretion and would be erroneously exercised in the event the court refused to render a declaratory judgment when the declaration otherwise comes within the scope of the Act and the judgment or decree would terminate the uncertainty or controversy. Borchard, Declaratory Judgments, Second Edition, 293, Chapter V, 'Discretion.' *Walker v. Walker,* 132 Ohio St. 137, 5 N.E.2d 405, *Schaefer v. First National Bank of Findlay,* 134 Ohio St. 511, 18 N.E.2d 263, and *Radastuzewski v. Keating, Exrx.,* 141 Ohio St. 489, 49 N.E.2d 167." *Celina Mutual Ins. Co. v. Sadler,* 6 Ohio App.2d 161, 217 N.E.2d 255, 257 (1966).

We hold that a justiciable controversy for declaratory relief was presented.

Judgment of the court below reversed.

CAMERON, C. J., and HAYS, HOLO-HAN and GORDON, JJ., concur.