609 P.2d 594

Len FOSTER and Joyce Foster, his wife; Ray Adams and Carol Adams, his wife; Evan Farley and Lynn Farley, his wife; Jesus Valdez and Delores Valdez, his wife; Don Runsvold and Helen Runsvold, his wife; Leslie Cosgrove and Ruth Cosgrove, his wife; Arthur Jones and Carolyn Jones, his wife; Alex Rodriquez and Josephine Rodriquez, his wife, Plaintiffs/Appellants,

v.

THUNDERBIRD IRRIGATION WATER DELIVERY DISTRICT OF PINAL COUNTY, NO. 3, through its Board of Trustees, and Colleen Jensen, Charles Stanbaugh in their capacity as Trustees of Thunderbird Irrigation Water Delivery District of Pinal County, No. 3, Defendants/Appellees.

No. 2 CA–CIV 3287.

Court of Appeals of Arizona, Division 2.

March 11, 1980.

Robert F. Hughes, Casa Grande, for plaintiffs/appellants.

Echeverria, Glenn & Howard by Joseph W. Howard, Casa Grande, for defendants/appellees.

## OPINION

RICHMOND, Judge.

In a two-count complaint, appellants sought to enjoin the governing board of

trustees of Thunderbird Irrigation Water Delivery District of Pinal County, No. 3, from violating certain statutes and asked for a declaratory judgment. They appeal from the dismissal of their complaint for failure to state a claim upon which relief can be granted. Although we agree with the trial court as to some of the allegations, we reverse the judgment of dismissal.

Appellants' complaint alleges that they are property owners within the irrigation water delivery district and that the governing board of trustees either has violated or threatens to violate sections of the Irrigation Water Delivery Districts Act, A.R.S. §§ 45–1901, et seq., by requiring installation of water meters as a condition of continued water use, and by excluding from its proposed budget the bill for electricity used to pump water from the ground into a storage tank. They contend in part that the meter requirement is inconsistent with A.R.S. § 45–1955, which provides for service charges payable other than by taxation, and violates § 45–1941. They also argue that the proposed budget does not comply with §§ 45–1952 and 45–1953.

■ Public officers may be enjoined from acts which are beyond their power. *Williams v. Superior Court*, 108 Ariz. 154, 494 P.2d 26 (1972). And as persons whose rights are affected by the statutes in question, appellants have standing to seek a declaratory judgment. *Cf. Pena v. Fullinwider*, 124 Ariz. 42, 601 P.2d 1326 (1979) (consumers have standing to test by an action for declaratory judgment the constitutionality of a statute affecting requirement of cost-per-unit information).

■ A.R.S. § 45–1955 authorizes the board of trustees to fix a service charge based on an estimate of district expenses not to be paid from taxes. The charge is to be "as uniformly distributed according to acreage as is practicable," and the board "may adopt a sliding scale of rates according to the cost of serving different sized parcels, as it deems equitable." Use of meters to implement the imposition of such a charge is not inconsistent with the power conferred by the statute.

Likewise, we do not find the potential suspension of delivery and distribution of irrigation water to threaten a violation of A.R.S. § 45–1941. The latter section providing for suspension of district functions by the county board of supervisors does not imply that the district board of trustees lacks the power to suspend service. To the contrary, a trustee who knowingly authorizes and effects the delivery of water to a parcel of district land on which taxes and charges are unpaid becomes personally liable for payment under § 45–1956(B).

■ The alleged exclusion of all electrical charges from the budget to be certified to the board of supervisors for taxation presents a different question, however. The expense of providing a supply of water at the head of the district ditch or conduit system is to be provided for by taxes. A.R.S. § 45–1952(B). A proposal to shift all power expense to usage fees thus could violate the statute. As to that allegation the complaint states a claim for relief.

■ Appellees argue that the complaint for injunctive relief is defective under A.R.S. § 12–1803(B) because it is verified by less than all of the plaintiffs. The argument ignores subsection A, which permits the filing of affidavits in support of an injunction after commencement of the action and at any time before judgment. *See Barnet v. Board of Medical Examiners*, 121 Ariz. 338, 590 P.2d 454 (1979).

The judgment of dismissal is reversed and the case remanded for further proceedings on the alleged violation of A.R.S. §§ 45–1952 and 45–1953.

HATHAWAY, C. J., and HOWARD, J., concur.